

3:22CV745

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richard M. Simpson, an individual, and his marital community,

v.

City of Fredericksburg, Defendant,
Yvonne J. Nageotte, Defendant,
Nageotte, Nageotte, Nageotte, PC, Defendant.

Civil Action No.

November 23, 2022.

Complaint for Damages

COMES NOW Richard M. Simpson, respectfully files his complaint for damages against these Defendants in a manner as follows:

**I. PARTIES**

1.1   Richard Simpson, Plaintiff, is over the age of 18 years and an individual and resident of Tacoma, Pierce County, Washington.

1.2   Yvonne J. Nageotte is a licensed lawyer, Virginia State Bar No. 39494, and is assumed to live in or near Stafford County, Virginia.

1.3   Nageotte, Nageotte, Nageotte, PC is a law firm with its primary practice located at 385 Garrisonville Road in Stafford, Virginia.

1.4   City of Fredericksburg is an independent city within the Eastern District of Virginia.

**II. JURISDICTION AND VENUE**

2.1   The Court has jurisdiction of the subject matter and parties herein.

Complaint for Damages - 1                    1                    P.O. Box 1395
                                                                  Tacoma, WA 98401
                                                                  Ph. 253.987.9669

2.2     Venue of this matter properly lies in the United States District Court for the Eastern District of Virginia.

### III. CAUSES OF ACTION

3.1     Yvonne Nageotte engaged in illegal behavior, including but not limited to violating Plaintiff's Constitutional Rights.

3.2     Nageotte, Nageotte, Nageotte, PC engaged in illegal behavior, including but not limited to violating Plaintiff's Constitutional Rights.

3.3     City of Fredericksburg, at the direction of lawyer Yvonne Nageotte, arrested and incarcerated Plaintiff without trial, without bail, without due process, against his will, negligently, maliciously, fraudulently, and in an abuse of power, violating Plaintiff's Constitutional Rights.

3.4     The acts and omissions of the Defendant(s) constitute the tort of false imprisonment for which the Defendant(s) are liable.

3.5     The acts and omissions of the Defendant(s) constitute the tort of malicious prosecution for which the Defendant(s) are liable.

3.6     The acts and omissions of the Defendant(s) constitute the tort of malicious harassment for which the Defendant(s) are liable.

3.7     The acts and omissions of the Defendant(s) constitute the torts and crimes of fraud for which the Defendant(s) are liable.

3.8     The acts and omissions of the Defendant(s) constitute the tort of falsifying official documents for which the Defendant(s) are liable.

3.9     The acts and omissions of the Defendant(s) constitute the tort of negligence under the laws of the State of Virginia for which the Defendant(s) are liable.

3.10    The acts and omissions of the Defendant(s) constitute the tort of negligent infliction of emotional distress for which the Defendant(s) are liable.

3.11    The acts and omissions of the Defendant(s) constitute the tort of intentional infliction of emotional distress for which the Defendant(s) are liable.

3.12    The acts and omissions of the Defendant(s) constitute the tort of destruction of the parent-child relationship for which the Defendant(s) are liable.

3.13    The acts and omissions of the Defendant(s) constitute the tort of destruction of the spousal relationship for which the Defendant(s) are liable.

3.14    The acts and omissions of the Defendant(s) constitute the torts of pain, suffering, inconvenience, mental anguish, loss of society and companionship, loss of consortium, and injury to reputation and humiliation for which the Defendant(s) are liable.

3.15    The acts and omissions of the Defendant(s) constitute the tort of intentional interference with business relations for which the Defendant(s) are liable.

3.16    The acts and omissions of the Defendant(s) constitute the torts of intentional or negligent interference with investment opportunities, for which damages are ongoing.

3.17    The acts and omissions of the Defendant(s) constitute violation of 42 U.S.C.S. 1983, for which the Defendant(s) are liable. *See also Thornwell v. United States*, 471 F. Supp. 344, 347-348 (D.D.C. 1979).

3.18    The acts and omissions of the Defendant(s) constitute violation of the rights guaranteed by the Equal Protection Clause through the Fifth Amendment Due Process Clause, for which the Defendant(s) are liable. *See e.g. Bolling v. Sharpe*, 347 U.S. 497 (1954).

3.19    The acts and omissions of the Defendant(s) constitute violation of both the Establishment Clause and the Free Exercise Clause as incorporated into the Due Process Clause of the Fourteenth Amendment, for which the Defendant(s) are liable.

3.20    The acts and omissions of the Defendant(s) constitute violation of the Plaintiff's rights to privacy under the Constitution, including the "zones of privacy" relating to parental rights and family relations, for which the Defendant(s) are liable.

3.21    The acts and omissions of the Defendant(s) constitute egregious government misconduct, for which the Defendant(s) are liable. *See e.g. Limone v. United States*, 579 F.3d 79, 83–84, 102, 108 (1st Cir. 2009).

3.22    The acts and omissions of the Defendant(s) constitute invasion of privacy and/or intrusion upon seclusion for which Yvonne Nageotte is liable.

3.23    As a proximate result of the acts and omissions of the Defendant(s), their agents and employees as described above, Plaintiffs suffered a loss of enjoyment of life, pain and suffering and damages generally in an amount which will be determined at time of trial. Plaintiffs' injuries and damages are ongoing.

Complaint for Damages - 3

3

P.O. Box 1395
Tacoma, WA 98401
Ph. 253.987.9669

## IV. PRAYER FOR RELIEF

WHEREFORE, having fully set forth his complaint for damages against these Defendants, Plaintiff respectfully prays for the following relief:

1.  A Declaratory Judgment disbarring Yvonne Nageotte from the practice of law;

2.  Charge Yvonne Nageotte, this person having acted under color of authority of law, with criminal negligence or its equivalent and any other applicable crimes, including conspiracy to commit crimes as between State Actors, or those individuals purporting to act on behalf of the State of Virginia;

3.  That a money judgment be entered in favor of Plaintiffs and against these Defendants in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages sustained herein;

4.  That Plaintiffs be awarded past and future pain and suffering;

5.  That Plaintiffs be awarded lost income and any reduction in future earnings capacity;

6.  That the Court award Plaintiffs such other relief as it determines to be fair and equitable in the circumstances of the case;

7.  A jury trial on damages;

8.  An award of attorney's fees;

9.  Alternatively, that the Court award Plaintiffs, as a judgment against all three Defendants, jointly and severally, a sum certain in the amount of two hundred fifty thousand dollars [$250,000], with an additional award of pre- and post-judgment interest applied.

RESPECTFULLY SUBMITTED this 23rd day of November, 2022.

Richard M. Simpson, pro se litigant

Complaint for Damages - 4

4

P.O. Box 1395
Tacoma, WA 98401
Ph. 253.987.9669