# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RICHARD M. SIMPSON,                )
                                   )
      Plaintiff,                 )
                                   )
v.                                 )      Civil Action No. 3:22-cv-745–HEH
                                   )
CITY OF FREDERICKSBURG, *et al.*,  )
                                   )
      Defendants.                )

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss & Granting Plaintiff Leave to Amend)

This matter is before the Court on Defendants City of Fredericksburg; Yvonne J. Nageotte; and Nageotte, Nageotte, Nageotte, PC's (collectively, the "Defendants") Motions to Dismiss (the "Motions," ECF Nos. 8, 12), filed on January 18, 2023, and February 2, 2023, respectively.  On November 30, 2022, *pro se* Plaintiff Richard M. Simpson ("Plaintiff") filed a Complaint (ECF No. 1) alleging a myriad of claims.[1]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek to dismiss all of

---

[1]    Plaintiff filed his Complaint *pro se* and did not disclose to the Court that he is a licensed attorney.  However, according to the Washington State Bar Association, Plaintiff is a licensed attorney in the state of Washington. (Defs.' Mem. in Supp. at 1, ECF No. 13); Washington State Bar Association Legal Directory, *Legal Profile for Richard M. Simpson*, https://www.mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000 053162 (last visited March 7, 2023).

    Accordingly, Plaintiff "is not entitled to the liberal construction of pleadings ordinarily afforded to *pro se* litigants." *Gordon v. Gutierrez*, No. 1:06cv861, 2006 WL 3760134, at *1 n.1 (E.D. Va. Dec. 14, 2006).  Other Circuit Courts of the United States Courts of Appeals have also drawn a distinction between *pro se* attorneys and other *pro se* parties. *See Rashad v. Jenkins*, No. 3:15cv655, 2016 WL 901279, at *3 (E.D. Va. Mar. 3, 2016) (collecting federal circuit court cases).

Plaintiff's claims for failure to state a claim.  (Defs.' Mem. in Supp at 7.)[2]  The parties have submitted memoranda supporting their respective positions.  The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process.  *See* E.D. Va. Local Civ. Rule 7(J).  For the following reasons, Defendants' Motions will be granted as to all claims.

## I.   BACKGROUND

As a threshold matter, Plaintiff's Complaint is devoid of any real factual allegations.  As best as this Court can construe, Plaintiff's only real factual assertion is as follows, "City of Fredericksburg, at the direction of lawyer Yvonne Nageotte, arrested and incarcerated Plaintiff without trial, without bail, without due process, against his will, negligently, maliciously, fraudulently, and in an abuse of power, violating Plaintiff's Constitutional Rights." (Compl. ¶ 3.3.)  The rest of Plaintiff's Complaint is comprised of a laundry list of twenty-three (23) "Causes of Action" essentially stating that "the acts and omissions of Defendant(s)" constitute violations of either state or federal law.  (*See* Compl. ¶¶ 3.1–3.23.)  Although not provided in the Complaint, Defendants allege that Plaintiff's lawsuit stems from an ongoing Virginia state court custody and visitation dispute in which attorney Yvonne Nageotte and her law firm represent Plaintiff's wife. (Defs.' Mem. in Supp. at 1.)  Plaintiff's purported false arrest stems from an alleged

---

[2] For simplicity, because Defendants assert essentially the same arguments as the basis for their Motions, the Court will only reference ECF No. 13 in citing Defendants' position.

violation of a protective order that was entered against him as a part of the Virginia state court litigation. (*Id.* at 1–3.)

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387).  However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679).  However, a court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

A court may consider a document not attached to the complaint, when "the document [is] integral to the complaint and there is no dispute about the document's authenticity." *Id.* at 166.  "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, . . . the exhibit prevails." *Id.* (alteration in original) (quoting *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

A court may also "consider public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

Defendants assert that Plaintiff has failed to meet both the *Iqbal* and *Twombly* pleading standards, as well as the Rule 12(b)(6) standard because his Complaint only makes conclusory allegations and naked assertions. (Defs.' Mem. in Supp. at 7.) Conversely, Plaintiff asserts that he has complied with the pleading standards under the Federal Rules of Civil Procedure and that any deficiencies can be "plainly construed to do justice." (Pl.'s Resp. in Opp'n at 2, ECF No. 20 (citing Fed. R. Civ. P. 8(e)).)

Plaintiff is correct in stating that Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." (Pl.'s Resp. in Opp'n at 2.) He is also correct in stating that Rule 8(e) states that "[p]leadings must be construed so as to do justice." (*Id.*) However, Plaintiff wholly neglects to acknowledge all other requirements governing pleadings in federal courts. *Iqbal* clearly outlines that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 555).  Plaintiff's Complaint is simply a laundry list of formulaic recitations of the elements of twenty-three causes of action.[3]

Paragraph 3.3 is the only factual allegation contained in the Complaint.  Again, it states "City of Fredericksburg, at the direction of Yvonne Nageotte, arrested and incarcerated Plaintiff without trial, without bail, without due process, against his will, negligently, maliciously, and in an abuse of power, violating Plaintiff's Constitutional Rights." (Compl. ¶ 3.3.)  This allegation is the exact "'naked assertion[s]' devoid of 'further factual enhancement'" that the United States Supreme Court held does not survive a 12(b)(6) motion.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Plaintiff simply provides no other factual content whatsoever to support any of his causes of action.  As mentioned previously, as a licensed attorney in Washington State, Plaintiff is not entitled to the liberal construction ordinarily afforded to *pro se* litigants. Notwithstanding, even assessed under the normal liberal *pro se* standard and construed under Rule 8(e), Plaintiff's Complaint still does not state facts sufficient to survive a Rule 12(b)(6) motion.

Plaintiff asserts that Defendants' Motions are based on "both blatantly false testimony and contradictory statements." (Pl.'s Resp. in Opp'n at 2.)  Thus, Plaintiff argues the Court "may not dismiss [the] action." *Id.*  However, Plaintiff points to no evidence whatsoever of false testimony or contradictory statements made by Defendants.

---

[3] As an example, paragraph 3.4 of the Complaint states, "[t]he acts and omissions of the Defendant(s) constitute the tort of false imprisonment for which the Defendant(s) are liable."  No other factual enhancement was provided.

Blanket assertions of illegal conduct and false accusations with no factual

supplementation will not suffice to save the Complaint from dismissal.  As evidenced by

Defendants' Exhibits, there was a valid protective order in place against Plaintiff, he was

found in violation of that order, and arrested and held without bond by the state

magistrate judge.  (Protective Order at 1–3, ECF No. 13-5; Arrest Warrants at 1–2, ECF

Nos. 13-6, 13-7; Incident Report at 1–7, ECF No. 13-8.)  Based on this evidence, there

was a basis for any alleged arrest by the City of Fredericksburg, and the face of the

incident reports plainly states that Plaintiff's wife, not Yvonne Nageotte, sought the arrest

warrants on her own.  (Incident Report at 3, 5.)  Therefore, there is no factual basis

alleged at all to support Plaintiff's claims against Defendants.

Accordingly, Defendants' Motions (ECF Nos. 8, 12) will be granted, and

Plaintiff's Complaint will be dismissed without prejudice.  However, the Court believes

Plaintiff deserves another attempt to amplify the factual and legal basis upon which his

claim rests.  Therefore, the Court will grant Plaintiff leave to file an amended complaint

within thirty (30) days of the entry of the accompanying Order.  Plaintiff, however, is

warned that failing to file a timely amended complaint that complies with the Federal

Rules of Civil Procedure and the pleading standards governing federal courts, may result

in the dismissal of his action with prejudice.  The Court will also entertain any motions

for attorneys' fees should any filed amended complaint be deemed frivolous.

An appropriate Order will accompany this Memorandum Opinion.

Date: **March 9, 2023**
Richmond, Virginia

/s/
Henry E. Hudson
Senior United States District Judge