# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Richard Simpson, an individual, and his marital community,

v.

City of Fredericksburg, Defendant,
Yvonne J. Nageotte, Defendant,
Nageotte, Nageotte, Nageotte, PC, Defendant.

Civil Action No. 3:22cv745

March 20, 2023.

[AMENDED] Complaint for Damages

COMES NOW Richard Simpson, respectfully files his complaint for damages against these Defendants in a manner as follows:

## I. PARTIES

1.1   Richard Simpson, Plaintiff, is over the age of 18 years and an individual and resident of Tacoma, Pierce County, Washington.

1.2   Yvonne J. Nageotte is a licensed lawyer, Virginia State Bar No. 39494, and is assumed to live in or near Stafford County, Virginia.

1.3   Nageotte, Nageotte, Nageotte, PC is a law firm with its primary practice located at 385 Garrisonville Road in Stafford, Virginia.

1.4   City of Fredericksburg is an independent city located within the Eastern District of Virginia.

## II. JURISDICTION AND VENUE

2.1   The Court has jurisdiction of the subject matter and parties herein.

2.2 Venue of this matter properly lies in the United States District Court for the Eastern District of Virginia.

## III. FACTS

3.1 On May 8, 2022, City of Fredericksburg Police served Plaintiff Simpson with a three-day emergency protective order against his legal wife at their residence while he was home alone and where he had been all day alone since the night before. Simpson explained the circumstances to the two officers and Police pressed no criminal charges.

3.2 Also on May 8, 2022, Simpson took a flight from Washington, D.C. to Seattle, Washington and stayed in Washington State for approximately one week. *See* Attached **Exhibit A**.

3.3 After the expiration of the three-day emergency order referenced in 3.1 above, Simpson received a phone call from City of Fredericksburg Police or Stafford Sheriff's Department stating that the police sought to serve Simpson with a one-year renewal of the 3-day emergency protective order, despite Simpson being physically over three thousand miles away in Washington State.

3.4 Later that week, a Sheriff attempted service on Simpson at Simpson's place of employment, which was at the time over six hundred miles from City of Fredericksburg.

3.5 Confused and unable to reach his wife, Simpson abandoned his work and returned mid-week to his house in City of Fredericksburg (for which he had never been a permanent legal resident, having resided there no more than six months).

3.6 On or about May 17, 2022, while in City of Fredericksburg, Simpson inquired with the Fredericksburg Juvenile and Domestic Relations Court concerning his wife's filings. At that time, the Clerk of that court informed Simpson of Yvonne J. Nageotte's and Nageotte, Nageotte, & Nageotte, P.C.'s legal representation of his wife.

3.7 Simpson printed off a stack of documents that offered to explain the unusual circumstances surrounding the situation and delivered those documents to Nageotte, Nageotte, & Nageotte P.C. in hopes to alleviate the conflict. Nageotte's process server served Simpson with a custody and visitation packet of documents that she had filed with Fredericksburg Juvenile and Domestic Relations Court, despite Simpson and his wife being legally married and sharing their biological child together.

3.8 On or about May 18, 2022, Simpson sent a text message to his wife asking to see his daughter.

3.9 On or about May 19, 2022, Stafford County Sheriff's Office arrested Simpson at gunpoint in his residence on a warrant for arrest, stating that Simpson had sent a text message to his legal wife asking to see his daughter. Despite posing absolutely no

physical threat, City of Fredericksburg sent Simpson to the Rappahannock Regional Jail and imprisoned him without due process.

3.10   The following week, City of Fredericksburg Juvenile and Domestic Relations Court, a court of limited jurisdiction, denied bail to Simpson for sending a text message to his legal wife in which he asked to see their daughter.

3.11   During his incarceration, Yvonne J. Nageotte informed Simpson's criminal defense attorney that if Simpson contacted Nageotte, Nageotte, & Nageotte, P.C. in any way, he would be in violation of his wife's and their "client's" protective order.

3.12   While attempting to negotiate with the Commonwealth prosecuting attorney for the City of Fredericksburg regarding any plea deal for release from false imprisonment, Simpson's criminal defense attorney informed Simpson that Yvonne J. Nageotte prevented any plea deal from occurring to ensure Simpson's illegal captivity.

3.13   On or about May 24, 2022, Simpson appeared in State-administered shackles before the City of Fredericksburg Juvenile and Domestic Relations Court, in a civil matter involving custody between a legally married couple and their shared biological child, which licensed Virginia attorney Yvonne J. Nageotte filed, and asked the Court to force Simpson to undergo a full psychological evaluation. Judge Vance of that Court ordered that Simpson, a well-educated 38-year old married man with child and no history of mental illness, be appointed a guardian *ad litem* at this hearing, due directly to Nageotte's suggestion.

3.14   After nearly a month in jail, Simpson incurred a financial debt upon his release, an indication of privatization and of racketeering, both involving the incarcerations of harmless citizens, all of whom presumably incur a forced, undesired monetary debt.

3.15   Simpson hired a Fredericksburg law firm and the lead attorney folded under pressure and entered into an agreement contrary to public policy and law, as proposed by Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C.

3.16   Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C. deliberately sought an initial one-year renewal of a protective order to force the one-year divorce requirement under Virginia law when minor children are involved, because none of the other at fault, exclusions applied.

3.17   Yvonne J. Nageotte, Virginia State Bar No. 39494, violated the Rules of Professional Conduct when she took a case where payment is contingent upon a divorce, not to mention when she abuses her authority and imprisons people for profit.

3.18   Yvonne J. Nageotte asked Simpson for $12,000 in legal fees to be paid to her, despite Simpson never hiring her, her filing an unlawful filing in court, her attending a maximum of two short hearings, and her being responsible for removing his parental

Amended Complaint for Damages - 3

3

P.O. Box 1395
Tacoma, WA 98401
Ph. 253.987.9669

rights, illegally incarcerating Simpson under color of authority of law, and upending and destroying his otherwise peaceful life.

3.19  Simpson, despite numerous requests, attempts at both legal and non-legal resolution, and the unnecessary guardian *ad litem* appointed to his daughter stating that she had no safety concerns, has seen his only child in a paid supervised facility fewer than twenty [20] hours in the past calendar year, due directly to Defendants Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C.

3.20  Yvonne J. Nageotte, since her involvement, has refused negotiations and communications with a *pro se* litigant. She has counseled her "client" contrary to law, and has actively prevented healthy communication between spouses to ensure that a divorce occurs, an occurrence in which neither party apparently desires.

3.21  It is Simpson's belief that Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C. receive kick backs and share fees with non-lawyers, including licensed medical practitioners, namely one particular psychiatrist, against the law and against the Rules of Professional Conduct.

3.22  It is Simpson's belief that the Nageotte family receives income from the illegal incarceration of innocent individuals through Rappahannock Regional Jail operations.

## IV. CAUSES OF ACTION

4.1  Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 3.22 above as though fully set forth herein.

4.2  Yvonne J. Nageotte engaged in illegal behavior, including but not limited to violating Plaintiff's Constitutional Rights.

4.3  Nageotte, Nageotte, Nageotte, P.C. engaged in illegal behavior, including but not limited to violating Plaintiff's Constitutional Rights.

4.4  City of Fredericksburg, at the direction of lawyer Yvonne J. Nageotte, and Nageotte, Nageotte, & Nageotte, P.C., arrested and incarcerated Plaintiff without trial, without bail, without due process, against his will, negligently, maliciously, fraudulently, and in an abuse of power, violating Plaintiff's Constitutional Rights.

4.5  Yvonne J. Nageotte, Nageotte, Nageotte, & Nageotte, P.C., together with City of Fredericksburg are jointly and severally liable, and guilty, for the following claims and criminal charges, excepting the ones stating otherwise.

## V. COUNT I - FALSE IMPRISONMENT

5.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 4.5 above as though fully set forth herein.

5.2 The acts and omissions of the Defendants constitute the tort and crime of false imprisonment for which the Defendants are liable when Defendants willfully detained Simpson, without his consent, and Yvonne J. Nageotte acted under color of authority of law as a private practice attorney and non-governmental employee.

## VI. COUNT II - MALICIOUS PROSECUTION

6.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 5.2 above as though fully set forth herein.

6.2 The acts and omissions of the Defendants constitute the tort of malicious prosecution, both civil and criminal, for which the Defendants are liable when (a) Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C. (collectively "Nageotte") sought and entered a one-year renewal of an emergency protective order without probable cause and for some other reason outside the interests of justice, (b) when Nageotte filed a frivolous civil action motivated by malice, and (c) Commonwealth prosecutors in City of Fredericksburg permitted Nageotte to interfere with plea bargaining and prosecuted Simpson for him sending his legal wife a text message, admitting on the Court record that the message was non-threatening. 42 U.S.C. § 1983.

## VII. COUNT III - MALICIOUS HARASSMENT

7.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 6.2 above as though fully set forth herein.

7.2 The acts and omissions of the Defendants constitute the tort of malicious harassment for which the Defendants are liable when Defendants sought and enforced baseless protective orders, incarcerated Simpson, and in ensuring separation of parent and child.

## VIII. COUNT IV - FRAUD

8.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 7.2 above as though fully set forth herein.

8.2 The acts and omissions of the Defendants constitute the tort and crime of fraud for which the Defendants are liable when Nageotte *et al* made false statements concerning

Amended Complaint for Damages - 5

5

P.O. Box 1395
Tacoma, WA 98401
Ph. 253.987.9669

Simpson *et al* with intent to deceive, and Simpson *et al* relied on those statements to their detriment and injury.

## IX. COUNT V - FALSIFYING OFFICIAL DOCUMENTS

9.1    Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 8.2 above as though fully set forth herein.

9.2    The acts and omissions of the Defendants Nageotte constitute the tort and crime of falsifying official documents for which these Defendants are liable when Nageotte filed, attempted to serve through police efforts, and enforced a baseless protective order without probable cause.

## X. COUNT VI - NEGLIGENCE

10.1    Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 9.2 above as though fully set forth herein.

10.2    The acts and omissions of the Defendants constitute the tort of negligence under the laws of the State of Virginia for which the Defendants are liable when all three Defendants have a duty to the public, as public servants or as private actors with legal duties, and breached those duties, which were the actual and proximate cause of Plaintiffs' injuries.

## XI. COUNT VII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11.1    Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 10.2 above as though fully set forth herein.

11.2    The acts and omissions of the Defendants constitute the tort of negligent infliction of emotional distress for which the Defendants are liable when Defendants owed Plaintiffs a duty, breached that duty, and Plaintiff has suffered severe emotional distress as a result of Defendants' negligence.

## XII. COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12.1    Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 11.2 above as though fully set forth herein.

12.2    The acts and omissions of the Defendants constitute the tort of intentional infliction of emotional distress for which the Defendants are liable when Defendants

acted intentionally and recklessly, in an outrageous and extreme manner, and this conduct was and continues to remain the cause of Plaintiffs' severe emotional distress.

### XIII. COUNT IX - DESTRUCTION OF PARENT-CHILD RELATIONSHIP

13.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 12.2 above as though fully set forth herein.

13.2 The acts and omissions of the Defendants constitute the tort of destruction of the parent-child relationship under the Fourteenth Amendment, both procedurally and substantively, for which the Defendants are liable. *See Santosky v. v. Kramer*, 455 U.S. 745, 754 (1982); *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987). "[n]o State shall…deprive any person of life, liberty, or property, without due process of law." U.S. COnst. Amend. XIV, §1.

### XIV. COUNT X - LOSS OF COMPANIONSHIP

14.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 13.2 above as though fully set forth herein.

14.2 The acts and omissions of the Defendants constitute the tort of destruction of the spousal relationship, loss of consortium, marital affection, and Defendants' conduct constitute the torts of pain, suffering, inconvenience, mental anguish, loss of society and companionship, loss of consortium, and injury to reputation and humiliation for which the Defendants are liable.

### XV. COUNT XI - INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

15.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 14.2 above as though fully set forth herein.

15.2 The acts and omissions of the Defendants Nageotte constitute the tort of intentional interference with business relations for which the Defendants are liable when Simpson forfeited $15,000 and other expenditures in real estate contracts, for which Yvonne J. Nageotte had knowledge of and intentionally and improperly interfered with and acted.

### XVI. COUNT XII - NEGLIGENT INTERFERENCE WITH BUSINESS INVESTMENTS

16.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 15.2 above as though fully set forth herein.

16.2 The acts and omissions of Yvonne J. Nageotte and Nageotte, Nageotte, & Nageotte, P.C. constitute the torts of intentional or negligent interference with investment opportunities, for which damages are ongoing, when Defendants unreasonably and wrongfully acted so as to foreseeably disrupt a business advantage, and excessive loss of Plaintiffs' investment income, regular income, and interest income due directly to Defendants' actions or inactions.

## XVII. COUNT XIII - VIOLATION OF 42 U.S.C.S. §1983

17.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 16.2 above as though fully set forth herein.

17.2 The acts and omissions of the Defendants constitute violation of 42 U.S.C.S. §1983, for which the Defendants are liable when Defendants subjected Plaintiff to conduct under color of state law and this conduct deprived Plaintiff of rights, privileges, or immunities guaranteed under the U.S. Constitution or federal law.

## XVIII. COUNT XIV - VIOLATION OF EQUAL PROTECTION

18.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 17.2 above as though fully set forth herein.

18.2 The acts and omissions of the Defendants constitute violation of the rights guaranteed by the Equal Protection Clause through the Fifth Amendment Due Process Clause, for which the Defendants are liable when government officials, or persons acting under color of authority of law, treated Plaintiffs differently form similar situated persons and all defendants unequally applied laws. *See e.g. Bolling v. Sharpe*, 347 U.S. 497 (1954).

## XIX. COUNT XV - VIOLATION OF FIRST AMENDMENT

19.1 Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 18.2 above as though fully set forth herein.

19.2 The acts and omissions of the Defendants constitute violation of both the Establishment Clause and the Free Exercise Clause as incorporated into the Due Process Clause of the Fourteenth Amendment, for which the Defendants are liable, when Defendants prosecuted Plaintiff criminally for Free Speech between a legally married couple with child, and for depriving Simpson of his inherent right to raise his child as he sees fit.

## XX. COUNT XVI - VIOLATION OF FIRST, THIRD, FOURTH AMENDMENTS

20.1  Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 19.2 above as though fully set forth herein.

20.2  The acts and omissions of the Defendants constitute violation of the Plaintiff's rights to privacy under the Constitution, including the "zones of privacy" relating to parental rights and family relations, under the First, Third, and Fourth Amendments to the United States Constitution, for which the Defendants are liable.

## XXI. COUNT XVII - EGREGIOUS GOVERNMENT CONDUCT

21.1  Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 20.2 above as though fully set forth herein.

22.2  The acts and omissions of the Defendants constitute egregious government misconduct, in violation of due process principles, for which the Defendants are liable. *See e.g. United States v. Russell, 411 U.S. 423, 431-32 (1973); Limone v. United States,* 579 F.3d 79, 83–84, 102, 108 (1st Cir. 2009).

## XXII. COUNT XVIII - INVASION OF PRIVACY

23.1  Plaintiff reasserts the allegations contained in Paragraphs 1.1 through 22.2 above as though fully set forth herein.

23.2  The acts and omissions of the Defendants constitute invasion of privacy, including public disclosure of embarrassing private facts about Plaintiffs, publicity that placed Plaintiffs in a false light in the public eye, and intrusion upon seclusion for which City of Fredericksburg, Yvonne J. Nageotte, and Nageotte, Nageotte, & Nageotte, P.C. are liable.

23.3  As a proximate result of the acts and omissions of the Defendants, their agents and employees as described above, Plaintiffs suffered a loss of enjoyment of life, pain and suffering and damages generally in an amount which will be determined at time of trial. Plaintiffs' injuries and damages are ongoing.

## XXIII. PRAYER FOR RELIEF

WHEREFORE, having fully set forth their complaint for damages against these Defendants, Plaintiff respectfully prays for the following relief:

### Against Yvonne J. Nageotte

1. A Declaratory Judgment disbarring Yvonne J. Nageotte from the practice of law;

2. Charge Yvonne Nageotte, this person having acted under color of authority of law, with criminal negligence or its equivalent and any other applicable crimes, including racketeering and conspiracy to commit crimes as between State Actors, or those individuals purporting to act on behalf of the State of Virginia;

### Against City of Fredericksburg

3. Injunctive Relief in the form of an immediate, emergency injunction preventing City of Fredericksburg Juvenile and Domestic Relations District Court from removing Simpson's inherent, natural rights, legal or otherwise, as father to his children. There is no adequate remedy at law here and monetary damages are insufficient. A formal motion pleading is included.

### Against All Named Defendants

4. That a money judgment be entered in favor of Plaintiffs and against these Defendants in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages sustained herein;

5. That Plaintiffs be awarded past and future pain and suffering;

6. That Plaintiffs be awarded lost income and any reduction in future earnings capacity;

7. That the Court award Plaintiffs such other relief as it determines to be fair and equitable in the circumstances of the case;

8. A jury trial on damages;

9. An award of attorney's fees;

10. Alternatively, that the Court award Plaintiffs, as a judgment against all three Defendants, jointly and severally, a sum certain in the amount of five hundred thousand dollars [$500,000], with an additional award of pre- and post-judgment interest applied.

RESPECTFULLY SUBMITTED this 20th day of March, 2023.

Richard M. Simpson, pro se litigant

Amended Complaint for Damages - 10

10

P.O. Box 1395
Tacoma, WA 98401
Ph. 253.987.9669