IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD M. SIMPSON, AN INDIVIDUAL,
AND HIS MARITAL COMMUNITY,

  Plaintiff,

v.                                    Case No. 3:22-cv-745-HEH

CITY OF FREDERICKSBURG, YVONNE J.
NAGEOTTE AND NAGEOTTE,
NAGEOTTE, NAGEOTTE, PC,

  Defendants.

## CITY OF FREDERICKSBURG'S BRIEF IN SUPPORT OF
## MOTION FOR SANCTIONS

COMES NOW Defendant City of Fredericksburg (the "City"), by counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, and respectfully submits this Brief in Support of its Motion to impose sanctions on Plaintiff Richard M. Simpson for his violation of Rule 11 by filing a frivolous Complaint and Amended Complaint against the Defendants herein, and for his conduct in sending of hundreds of harassing, defamatory, and threatening emails to various individuals, including Defendants and their counsel.

In compliance with Rule 11(c) (2), the undersigned counsel for the City mailed a copy of a draft Motion for Sanctions and Brief in Support to Plaintiff via Priority mail on April 6, 2023, and requested that he withdraw his Amended Complaint.[1]  A copy of this correspondence is attached as **Exhibit A**.  More than twenty-one days have passed since Plaintiff was so served,

---

[1] Tracking information confirmed that this correspondence was delivered on April 10, 2023, at 7:09 a.m.  Plaintiff has also indicated he received the same, as he sent an email on April 20, 2023, to Ms. York, Ms. Carroll, and Ms. Palmer, stating: "By the way, who the fuck to you think you are as lawyers demanding that I, another lawyer, dismiss my complaint?  Stop fucking drafting on this and counsel your goddamn clients." (Ex. B, at 31).

and he has not withdrawn his Amended Complaint. As such, the City requests that the Court grant its Motion for Sanctions for the following reasons.

## I. INTRODUCTION

Plaintiff does not have a viable legal claim against the City, or the Nageotte Defendants, for that matter. As set forth in the Defendants' Motions to Dismiss the Amended Complaint, Plaintiff's lawsuit is without factual or legal merit and instead is being used as a mechanism to harass and intimidate Defendants and to attempt to influence the outcome of the pending state court custody and visitation proceedings, in which the Nageotte Defendants represent Plaintiff's wife. If Plaintiff was not aware of the futility and impropriety of his lawsuit before, (which he should have been, being an attorney himself), Defendants' Briefs in Support of their Motions to Dismiss the original Complaint [ECF Nos. 9, 13, 18, 19], the Court's Memorandum Opinion and Order Dismissing the Complaint [ECF Nos. 23, 24], and Defendants' Briefs in Support of Motions to Dismiss the Amended Complaint [ECF Nos. 34, 36, 40, 41] should have made that clear to him. The City incorporates all of the aforementioned pleadings, including all exhibits thereto, by reference as if fully set forth herein.

The City similarly incorporates by reference its previously-filed Brief in Support of Defendants' Joint Emergency Motion for Sanctions [ECF No. 22], which sets forth in detail Plaintiff's relentless email campaign to harass and intimidate Defendants and their counsel—a campaign which has continued to this day. To date, Plaintiff has sent approximately 300 emails to the undersigned counsel and counsel for the Nageotte Defendants. Most of these emails copied Ms. Nageotte and they often also copied other various individuals, such as Elizabeth Carpenter-Hughes (appointed guardian *ad litem* for Plaintiff's minor child in the state court custody and visitation proceedings), the Virginia State Bar, staff members with the

Fredericksburg clerk's office, and multiple Virginia family law practitioners who have nothing to do with this dispute. These emails contain defamatory accusations of unethical and illegal conduct against Ms. Nageotte and the other attorneys involved in this case, vulgar and profane language, and on several occasions the emails contained express threats of violence. Defendants have already provided the Court with a slew of examples of Plaintiff's harassing emails, but the City attaches additional examples hereto as **Exhibit B** to demonstrate how this pattern has continued and escalated since Defendants filed their Joint Emergency Motion for Sanctions. Particularly concerning are the excerpts set forth below, as they contain express, specific, and at times, graphic, threats of violence:

- "I'll murder you in your sleep if you take my daughter from me; stop wasting paper when we have technology. Do you want to spend countless dollars and risk danger on this or start following the law." (Ex. B, at 5).

- "Would you like me to find out more about your families?" (Ex. B, at 24).

- "Until you faggots learn the value of free speech and follow the Constitution of the United States of America, I will be sending you these emails. Fuck you and everything you stand for. This is a family that you want to ruin for financial profit. I will never let that go. In fact, I will haunt you for as long as you can't handle it and then I will sneak up behind you one day and make you never did what you did to my family. That's the Simpson promise. Yvonne is up first." (Ex. B, at 35).

- "Again, marriage counseling or mediation or family therapy are all better alternatives to this maliciousness…Those options are also more beneficial for all of you as you won't be wondering when that Simpson promise catches up with you." (Ex. B, at 37).

- "[M[y child is my most important client. I will literally kill for her." (Ex. B, at 38).

- "Fortunately for the internet, each of you are easily found and recognizable..Fix this you fucking moron. I will take your children from you if you don't." (Ex. B, at 40).

- "Which do you prefer, a military trained killer stalking your entire existence and risking your life and the lives of your children and relatives, or facing the facts and realizing that Yvonne J. Nageotte has no business in the practice of family law?  I don't make enemies, but I destroy them when necessary.  This is MY family and MY child." (Ex. B, at 41).

- "I can be your best friend or your worst enemy…I will kill for my family…I will gladly lose my license to practice law in pursuit of destroying your entire existence.  I'm going to kill your children and your children's children if you don't correct course." (Ex. B, at 42).

- "I don't give two shits about you, whether you are a lawyer or not.  I live and die and breathe an existence that you have absolutely no reference to.  Every single day of my life I practice how to kill people.  Do you really want to find out how that works?  I will NEVER hurt my wife and child.  This is what American society has created." (Ex. B, at 43).

- "You definitely will never take away my Rights as a father to my children.  I'll die on that hill.  Will you?" (Ex. B, at 47).

- "You demanded twice that I dismiss my family's lawsuit.  I demand you admit liability…What kind of human beings are you?  You are monsters.  You are the epitome of evil and everything wrong in this world…Julie, Missy, and Sarah, you have long careers ahead of you.  I will obliterate you for my child.  Nageotte is not worth losing everything for, do the right, legal thing here." (Ex. B, at 50).

- "You assholes are ruining lives.  Do the fucking right thing already!...I will simply pay you back, Nageotte.  Are you prepared for a thirty to forty years war?" (Ex. B, at 52).

- "I have given you fair warning.  You have had plenty of time to think through your actions.  This is my family.  I WILL kill you.  We either require a family plan or my wife and I live together with our child in peace.  Choose wisely." (Ex. B, at 43).

- "Listen cunts, If you take one move to remove my rights as a father, I'll find out where you live, camp out in a nearby town, learn your daily habits, and eventually slice your goddam throat and watch until you die, while i fuck your skull." (Ex. B, at 54).

- "This retarded bitch informed her spouse about this case because she believes herself to be a victim.  What a complete absolute piece of human shit that has no business being a lawyer…I propose we hang her in the town square!" (Ex. B, at 55).

4

Plaintiff's frivolous lawsuit and inexcusable behavior towards the parties and their counsel herein are especially egregious given he himself is an attorney and should be well aware of the pleading standards and professional rules of conduct. Plaintiff has made it abundantly clear that he has no intention of stopping his current course of conduct. (See, e.g. Ex. B, at 27 ("So what's it going to be, put up with my persistent emails forever, litigate and waste tens of thousands of dollars, and wonder what my next move will be, or simply come to the conclusion that I am an outstanding father…"); Id. at 35 ("Until you faggots learn the value of free speech…I will be sending you these emails…I will never let that go"); Id. at 30 ("You're going to have to accept my vulgar language until I start seeing my child again and this matter is complete once and for all. Feel free to swear, it might help you to be less up tight."). The City implores the Court to put an end to this inappropriate conduct and misuse of the legal system.

## II. LAW AND ARGUMENT

Rule 11 authorizes the Court to impose appropriate sanctions on an unrepresented party who signs and presents to the Court a pleading that violates Rule 11(b). See Fed. R. Civ. P. 11(c)(4). Rule 11(b) states as follows, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;
>
> (2) The claims … and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>    (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and,
>
>    (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff's Complaint, and now his Amended Complaint, violate this Rule. For the reasons set forth in the City's Brief in Support of Motion to Dismiss the Amended Complaint [ECF No. 36], Plaintiff's pleading is frivolous and fails to state a legal or factual basis for relief. The Amended Complaint, the record of the underlying state court proceedings, and Plaintiff's three hundred emails, taken together, make it clear that Plaintiff filed this lawsuit for an improper purpose—to harass the City of Fredericksburg and the Nageotte Defendants and potentially influence the outcome of the state court proceedings.

A sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Furthermore, "[p]ursuant to its inherent power, a court may impose sanctions against a party for acting in bad faith, vexatiously, wantonly, or for oppressive reasons and for misconduct during the course of litigation." Cameron v. Lambert, No. 07 CIV.9258 (DC), 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008) (internal quotations and alterations omitted) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 37-38 (2d Cir. 1995)). The Court is "vested with broad discretion" to fashion an appropriate sanction. Carroll v. Jaques, 926 F. Supp. 1282, 1291 (E.D. Tex. 1996), aff'd sub nom. Carroll v. Jaques Admiralty L. Firm, P.C., 110 F.3d 290 (5th Cir. 1997) (citing Gregory P. Joseph, Sanctions: The Federal Law of

6

Litigation Abuse, 440–41 (2d ed. 1994) (internal citations omitted)).  Some "inherent power sanctions" that the court may choose to impose include:

> (1) A fine; (2) An award of reasonable attorneys' fees and expenses; (3) Disqualification of counsel; (4) Preclusion of claims or defenses or evidence; (5) Dismissal of the action; (6) Entry of a default judgment; (7) Suspension of counsel from practice before the court or disbarment; (8) Vacatur of a judgment for fraud; (9) Injunctive relief limiting a person's future access to the courts; (10) A contempt citation; and (11) Permitting adverse inference from document destruction.

Id.  Case law within this circuit also suggests that the Court also has the inherent authority to enjoin a party from making unlawful threats (i.e. "true threats") against the parties and their counsel.  See Sines v. Kessler, No. 3:17-CV-00072, 2020 WL 2827347, at *2-4 (W.D. Va. May 29, 2020) (defining "true threat" and collecting "all other cases of which" the court was aware pertaining to a court's ability to issue sanctions based on true threats in a civil proceeding).  Of the cases discussed in Sines, the following are particularly relevant here:

> Carroll v. Jacques Admiralty Law Firm, 110 F.3d 290, 292, 294 (5th Cir. 1997) (affirming district court's award of attorney's fees as a sanction after defendant, who was also a practicing attorney, repeatedly "threatened and cursed at [plaintiff's] counsel" during his deposition in part because defendant "knew better" than to behave in such an "abusive, profane, and pugnacious" manner);
>
> Frumkin v. Mayo Clinic, 965 F.2d 620, 626–27 (8th Cir. 1992) (affirming district court's decision to issue a restraining order directing plaintiff not to contact defendant as a sanction after the plaintiff, who was also an attorney, repeatedly telephoned one defense witness and "threatened to kill [the witness] before killing himself" and told another defense witnesses, " 'before I die, I'm going to take ... you with me' "); and
>
> Kilborn v. Bakhir, No. 01cv1123, 2004 WL 2674491, at *4 (E.D. Va. Jan. 9, 2004) (awarding sanctions to defendant where pro se plaintiff, who was also an attorney, personally emailed defendant, his counsel, and a potential witness threatening to have them prosecuted or deported for their conduct in the lawsuit, among other things), aff'd, 102 F. App'x 328 (4th Cir.).

7

Id. at *4.

Against these authorities, and for the reasons set forth above and in the pleadings incorporated by reference herein, the City respectfully requests that the Court impose the following sanctions against Plaintiff:

1. Dismiss this case with prejudice; and

2. Order Plaintiff to pay to Harman, Claytor, Corrigan & Wellman, P.C. all reasonable attorney's fees incurred in connection with this action; and

3. Issue a restraining order directing Plaintiff not to contact the parties and their counsel, or alternatively, issue an order (i) enjoining Plaintiff from making statements that amount to "true threats," which are not protected by the First Amendment and (ii) directing Plaintiff to communicate with Defendants and their counsel solely through United States mail, and not email, or otherwise putting appropriate parameters on Plaintiff's communications; and

4. Issue a pre-filing injunction requiring a Judge of this Court to review and approve any new Complaint Plaintiff wishes to file against Defendants in this Court; and

5. Suspend Plaintiff from practicing law in this Court; and

6. Impose any other sanction or award Defendants any other relief that this Court deems just and proper.

### III.  CONCLUSION

For all of the foregoing reasons, the City of Fredericksburg, by counsel, respectfully request that this Court enter an Order imposing the above-requested sanctions against Plaintiff Richard M. Simpson pursuant to Rule 11 of the Federal Rules of Civil Procedure and pursuant to this Court's inherent authority.

**CITY OF FREDERICKSBURG**

By Counsel

/s/     Sarah M. Carroll
Melissa Y. York (VSB No. 77493)
Sarah M. Carroll (VSB No. 93442)
Counsel for City of Fredericksburg
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com
scarroll@hccw.com

## C E R T I F I C A T E

I hereby certify that on the 12th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Julie S. Palmer
> Counsel for Yvonne Nageotte and Nageotte, Nageotte, Nageotte PC
> Harman, Claytor, Corrigan & Wellman
> P.O. Box 70280
> Richmond, Virginia  23255
> 804-747-5200 - Phone
> 804-747-6085 - Fax
> jpalmer@hccw.com

and I hereby certify that I have mailed by United States Postal Service, priority mail the document to the following:

> Richard M. Simpson
> P.O. Box 1395
> Tacoma, WA 98401
> 253-987-9669 - Phone
> richardmsimpson@gmail.com

/s/     Sarah M. Carroll
Melissa Y. York (VSB No. 77493)
Sarah M. Carroll (VSB No. 93442)
Counsel for City of Fredericksburg
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com
scarroll@hccw.com
